## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL CASE NO. 3:23-cv-00207-MR

| | | |
|---|---|---|
| **WILLIAM HENRY PEOPLES, III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **CHARLOTTE MECK POLICE** | ) | |
| **DEPARTMENT, et al.,** | ) | **ORDER** |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on initial review of the Complaint

[Doc. 1]. Also pending are the Plaintiff's pro se Addenda [Docs. 5, 9, 10, 11,

12]. The Plaintiff is proceeding in forma pauperis. [Doc. 8].

## I.    BACKGROUND

The pro se Plaintiff, who is presently incarcerated at the Pasquotank

Correctional Institution, appears to have filed the instant action pursuant to

42 U.S.C. § 1983, addressing incidents that allegedly occurred between

November 2006 and May 2022. The Plaintiff names as Defendants:

"Charlotte-Meck Police Department;" Public Defenders Office; "State of

North Carolina Judges – Judisical [sic];" "State of North Carolina

Mecklenburg County Sheriffs Department;" Attorney Yolanda M. Frotman;

Huntersville Police Department; G4S Special Police; State of North Carolina Department of Corrections/ Department of Public Safety; and State of North Carolina City of Charlotte. [Doc. 1 at 2]. He also lists 167 more "Defendants" including: a patrol car, judges, attorneys, locations, and unknown individuals. [Id. at 4-12]. He purports to sue "for the repeatedly arrest, detaineds, caused back and knee problems abdominal issues, hair loss, abcesses or sabairren sissis, loss of freedom, protery, assets, and oppertutites." [Doc. 1] (errors uncorrected). The Complaint does not include a demand for relief.

The Plaintiff subsequently filed an untitled document that was docketed as an Addendum to the Complaint [Doc. 1] as well as four additional Complaint "Update[s]"/"Add Ons." [Docs. 9, 10, 11, 12].[1] The Plaintiff reiterates his allegations, and purports to add additional Defendants (totaling 375) and claims.

## II.   STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which

---

[1] These documents are partially illegible. [See Doc. 9 at 8-9; Doc. 10 at 2, 4, 6, 8, 10, 12; Doc. 12 at 2].

relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski,

3

599 U.S. \_\_, 143 S.Ct. 1444 (2023).

The Plaintiff's Complaint fails initial review for several reasons.[2] To begin, a plaintiff may not assert unrelated claims against unrelated defendants in a single action. See Fed. R. Civ. P. 18(a), 20(a)(2); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (noting that "[u]nrelated claims against different defendants belong in different suits," to prevent prisoners from dodging the fee payment or three-strikes provisions in the Prison Litigation Reform Act). "For example, Plaintiff may not pursue claims of retaliation involving one set of defendants while simultaneously pursuing claims for deliberate indifference to serious medical needs against another set of defendants." Thomas v. Davey, No. 1:16cv925, 2017 WL 2691824, at *2 (E.D. Cal. June 22, 2017). A plaintiff may only bring a claim against multiple defendants when (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences; and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a)(2). Here, the Plaintiff appears to bring multiple unrelated claims against unrelated defendants. These may not be litigated in the same action. The Court will not blindly select which related set of facts and defendants the Plaintiff might want to

---

[2] The Complaint's deficiencies are too numerous to address exhaustively. This Order discusses several of the most serious deficiencies.

4

pursue in this action.  See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (the courts are not required to be "mind readers" or "advocates" for incarcerated or pro se litigants.). As such, the Plaintiff's Complaint fails on this ground alone.

Moreover, the Complaint is largely conclusory and contains scattershot, unsupported allegations that are so vague that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim).  Most of the Plaintiff's allegations also appear to fall well outside the applicable three-year statute of limitations.  See Wallace v. Kato, 549 U.S. 384, 387 (2007); Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth., 807 F.3d 62, 66-67 (4th Cir. 2015); N.C.G.S. § 1–52.  Further, many of the Defendants that the Plaintiff names are improper in a § 1983 action and/or are immune from suit.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("neither a state nor its officials acting in their official capacities are 'persons' under § 1983"); Fox v. Harwood, 2009 WL 1117890, at *1

5

(W.D.N.C. April 24, 2009) (NCDPS is not a "person" under § 1983); <u>see</u> <u>also</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 359 (1996) (addressing judicial immunity).

As for the Plaintiff's Addenda, they suffer from the same serious deficiencies as the Complaint and, in any event, piecemeal amendment will not be permitted.

The Plaintiff may file a superseding Amended Complaint on a § 1983 form that clearly identifies the Defendants against whom he intends to proceed, and sets forth facts describing how each of the Defendants allegedly violated his rights. <u>See</u> <u>generally</u> Fed. R. Civ. P. 8(a). Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his prior filings. Piecemeal amendment will not be permitted.

## IV. CONCLUSION

For the foregoing reasons, the Complaint fails initial review and the Addenda are also dismissed. The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted. Should the Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff's Addenda [Docs. 5, 9, 10, 11, 12] are **DISMISSED**.

3. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If the Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice and this case will be closed without further notice.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 Complaint form and a copy of this Order.

**IT IS SO ORDERED**.

Signed: July 14, 2023

Martin Reidinger
Chief United States District Judge

7