IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00207-MR

| | |
|---|---|
| WILLIAM HENRY PEOPLES, III, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHARLOTTE-MECK POLICE ) <br> DEPARTMENT, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | O R D E R |

**THIS MATTER** is before the Court on Plaintiff's pro se Letter that was docketed as a Motion[1] [Doc. 17].

The incarcerated pro se Plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. [Doc. 1]. He was granted leave to proceed in forma pauperis, and the Court entered an Order waiving the initial partial filing fee and directing his institution to forward the Court monthly payments from his prisoner account in accordance with 28 U.S.C. § 1915. [Doc. 8]. The Complaint failed initial review, and the Court gave the Plaintiff the opportunity

---

[1] The Plaintiff is reminded that he must request relief from the Court by filing a "Motion." [See Doc. 3 (Order of Instructions)].

to amend. [Doc. 13]. The Plaintiff failed to comply and, on July 14, 2023, the Court dismissed the case without prejudice. [Docs. 15, 16].

On January 2, 2024, the Plaintiff filed the instant Letter in which he requests "a complete refund and removal of debt" for the instant case. [Doc. 17]. He argues that he was "not … able to submit information request by your office" because he had phone and email restrictions at the relevant time, which resulted in the dismissal of his case. [Id. at 1].

The Prison Litigation Reform Act ("PLRA") provides that, "if a prisoner brings a civil action … *in forma pauperis*, the prisoner shall be required to pay the full amount of the filing fee…." 28 U.S.C. § 1915(b)(1). Thus, the PLRA "makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, … [and] by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court." McGore v. Wrigglesworth, 114 F.3d 601, 605 (6th Cir. 1997) (citation omitted), overruled on other grounds by Jones v. Bock, 549 U.S. 199 (2007); see also Goins v. Decaro, 241 F.3d 260, 262 (2d Cir. 2001) ("we are not at liberty to read into the PLRA judicial authority to cancel remaining indebtedness for withdrawn appeals"); Williams v. Roberts, 116 F.3d 1126, 1127 (5th Cir. 1997) ("the filing fee is to be assessed for the privilege of

initiating an appeal, without regard to the subsequent disposition of the matter.").

The Plaintiff appears to ask the Court to waive the filing fee because his case was dismissed for lack of prosecution. However, the Plaintiff is required to pay the full filing fee in installments regardless of the case's dismissal as discussed <u>supra</u>. His request for a refund of the filing fee is, therefore, denied.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Letter [Doc. 17], which is construed as a motion to refund the filing fee, is **DENIED**.

**IT IS SO ORDERED.**

Signed: March 18, 2024

Martin Reidinger
Chief United States District Judge